Nov. Term, 1833.

TOWSEY
v.
SHOOK.

---

TOWSEY, Assignee, *v.* SHOOK.

If the defendant, in an action on a note, rely on a plea of failure of consideration or of fraud, the *onus probandi* lies upon him.

If the alleged fraud, in such case, be in the sale of a patent-right for which the note was given, the fraud must be proved as in other cases.

ERROR to the *Dearborn* Circuit Court.

M'KINNEY, J.—Debt on a promissory note before a justice of the peace. The defendant pleaded,—1. *nil debet;* 2. failure of consideration, through the fraud of the payee; 3. that the note was given to *Gould*, the payee, in part consideration of a supposed patent-right, *Gould* knowing he was not the patentee or assignee, and was without authority to sell the same, but falsely represented himself to be the assignee, and thereby induced the defendant to purchase. Judgment was rendered by the justice of the peace, in favour of the plaintiff, for debt, interest, and costs.

On appeal to the Circuit Court, the cause was submitted to the Court, and judgment rendered for the defendant.

A motion for a new trial was overruled, and a bill of exceptions shows, that on the trial, the plaintiff introduced the note in evidence, which was read, and that the defendant called upon the plaintiff to answer under oath, which he did, and stated "that he believed the note was given in consideration of a sale of some interest in a patent-right for the steam washing machine;" which was all the evidence given in the cause.

The case presents the single question—Upon which of the parties devolved the *onus probandi?*

Tuesday, *November* 26.

Nov. Term,
1833.

Towsey
v.
Snook.

There are certain rules of evidence upon this point, to some of which it may not be improper to advert. Thus, "That the party who alleges the affirmative of any proposition, shall prove it." 1 Stark. Ev. 376.—Bull. N. P. 298.—Roscoe on Ev. 51. "That the affirmative is always to be proved by those whose interest it is to prove it; and that proof of that fact which operates in discharge of the other party, lies upon him." *Ross* v. *Hunter*, 4 T. R. 37, 38. "That in every case, the *onus probandi* lies on the person who wishes to support his case by a particular fact, and of which he is supposed to be cognizant." "Where the presumption of law is in favour of the affirmative, as when the issue involves a charge of a culpable omission, it is incumbent on the party making the charge, to prove it, although he must prove a negative; for the other party shall be presumed innocent, until proved to be guilty." *Monke* v. *Butler*, 1 Roll. R. 83.—*Marsh* v. *Horne*, 5 Barn. & Cress. 322.—Roscoe on Ev. 52.

The action is founded on a note, and as that imports a consideration, its production was all the evidence required on the part of the plaintiff, unless, indeed, its consideration was impeached and rebutting testimony rendered necessary; from which it follows, that unless evidence in support of a plea impeaching the consideration, be adduced, the plaintiff may rest his case upon the note itself.

The second and third pleas are special, and present as a defence to the action, failure of consideration, and fraud on the part of the payee. Fraud is never presumed, and proof is as necessary to establish it, as is the averment of its existence as a defence. The matter relied upon in each plea is clearly affirmative; and to compel the plaintiff to disprove such averments, would be a departure from those rules of pleading to which we have adverted. The ground of the defence is fraud, and upon its establishment the action is barred. As fraud is never presumed, it was obviously the duty of the defendant to prove it.

We will notice the proof adduced. The plaintiff on examination says, "He believes the note was given in consideration of a sale of some interest in a patent-right for the steam washing machine;" and here the evidence closed. This evidence does not support the second plea. Neither failure of consideration nor fraud is shown. If it have any weight, it must be in *its*

application to the third plea. The sale of an interest in a patent-right is not, *per se,* evidence of fraud. The presumption of fraud being inadmissible, and it not being committed by the mere sale of an interest in a patent-right, unconnected with other acts by the vendor, if such acts occurred, their proof was necessary. If however, as contended, a plea averring fraud in the sale of a patent-right, throws the proof of a patent having issued, and the right to vend it, on the plaintiff, then there would appear some ground for the application of the evidence noticed to the third plea; but this is not admitted, nor do we perceive any difference between the sale of a patent-right and that of any other property. In the present case, if fraud was practised in the sale, or a patent sold without title by the vendor, evidence of this description should have been adduced by the defendant.

We therefore think a new trial should have been granted.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*G. H. Dunn,* for the plaintiff.

*D. J. Caswell,* for the defendant.